## Ransom & Mary Wade v. Commonwealth.

[Abstract Kentucky Law Reporter, Vol. 1—408.]

**Criminal Law—Murder.**

Where the record on appeal in a murder case does not show a conviction by the jury, but does show that the trial court pronounced judgment of guilty, the Court of Appeals will not so far indulge the presumption that there must have been a finding by the jury, as will result in the imprisonment of the defendants during their natural lives, especially where the clerk reports that there is no record in his office showing a conviction by the jury, except a mere memorandum on the back of the indictment.

### APPEAL FROM FULTON CIRCUIT COURT.

November 12, 1880.

Opinion by Judge Pryor:

Sec. 14, Art. 4, Chap. 29, General Statutes, was enacted to punish the mother for concealing the birth of a bastard child "so that it might not be known whether it was born alive or not," and while its enactment does not prevent an indictment for murder, it was passed evidently for the purpose of relieving juries of the embarrassment and this jury seemed to have felt in the consideration of this case. The pains of childbirth causing the unfortunate woman to become frantic and to leave her bed in the act of giving birth to the child may have caused its death, and the action of the brother in attempting to conceal the shame and disgrace of his sister were facts calculated to make the jury hesitate before finding a verdict of guilty on the charge of murder.

There seems, however, to be no verdict in this case, and while the court will presume that there must have been some finding on the part of the jury, else the court would not have entered the judgment, still, in the absence of any record showing a conviction by the jury, and when the clerk returns that there is no such record in his office, we would be reluctant to enforce this judgment upon the presumption indulged in on behalf of the judge that must result in the imprisonment of these parties during their natural lives.

The clerk responds when called upon to supply a diminution in the record that it is complete as appears from the proceedings in the court of which he is clerk, but he finds a memorandum on the back of the indictment showing a verdict; that this is not on the minute book, or on the regular records of the court, and such being the case

this record fails to show that there was a verdict upon which the judgment could have been rendered. Nor ought the court upon the case as it now stands enter the verdict on the return of the cause, but should grant the parties, if such a verdict was rendered, a new trial.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.